# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEEE
# WESTERN DIVISION

| | |
|---|---|
| **LLEWELYN NELSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2255-TLP-tmp |
| | ) |
| **TENNESSEE COLLEGE OF** | ) |
| **APPLIED TECHNOLOGY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the court is the plaintiff's Motion to Compel Discovery, filed on February 23, 2024.[1] (ECF No. 61.) For the reasons below, the motion is DENIED.

### I.   BACKGROUND

This lawsuit involves allegations by plaintiff Llewelyn Nelson that defendant Tennessee College of Applied Technology ("TCAT") discriminated against him on the basis of his national origin, in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Nelson served discovery requests on TCAT on November 27, 2023, which included interrogatories and requests for production related to TCAT's policies concerning re-advertisement

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

of job positions, evaluation methods of current employees, disciplinary measures, and the personnel files for five named employees. (ECF No. 64 at PageID 300.) On January 2, 2024, TCAT responded to Nelson's discovery requests. (ECF No. 64-2.) TCAT objected to the request for the personnel files, arguing that they are neither relevant to Nelson's claims nor reasonably calculated to lead to the discovery of admissible evidence. (Id. at PageID 316-17.) TCAT nevertheless produced the personnel files for four of the five requested employees – Nelson's, his supervisor's, and two proffered comparators. (Id.) In Nelson's Motion to Compel, he states that TCAT refused to deliver the complete employee file of Mike McCord and delivered only partial personnel files for Victoria Baildon and Mike Jones. (ECF No. 61 at PageID 276.) TCAT responded by asserting that McCord's personnel file is not relevant because he is simply a witness in the case, neither a comparator nor Nelson's supervisor, and Nelson has not demonstrated a "compelling showing of relevance." (ECF No. 64 at PageID 301.) Finally, TCAT claims that it in fact produced Jones's and Baildon's complete personnel files. (Id. at PageID 302.)

## II.  ANALYSIS

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case[.]" Fed. R. Civ. P. 26(b)(1). "'[B]ecause of the extremely private nature of personnel files, courts generally do not order production of such files except upon a compelling showing of relevance by the requesting party.'" Miller v. Uchendu, No. 2:13-cv-02149-SHL-dkv, 2016 WL 11784214, at *3 (W.D. Tenn. Mar. 21, 2016) (quoting Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth., No. 1:07-CV-258, 2008 WL 4442492, at *5 (E.D. Tenn. Sept. 25, 2008)). "'While there is no privilege that necessarily protects the production of personnel files, the Sixth Circuit has recognized a 'valid interest' in the privacy of these files.'" Grays v. Mayorkas, No. 21-10526, 2022 WL 386020, at *5 (E.D. Mich. Feb. 8, 2022) (quoting Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999)). Thus, courts in the Sixth Circuit "have likewise observed that 'strong public policy exists against disclosure of the personnel records,' . . . because it would invade the employees' privacy." Ford Motor Co. v. Versata Software, Inc., No. 15-cv-10628-MFL-EAS, 2017 WL 3944392, at *3 (E.D. Mich. Aug. 7, 2017) (quoting In re Sunrise Secs. Litig., 130 F.R.D. 560, 580 (E.D. Pa. 1989)). "'To be compelling, the requesting party must demonstrate that the value of the information outweighs the privacy interests of the affected parties.'" Miller, 2016 WL 11784214, at *3 (quoting Stratienko, 2008 WL 4442492, at *5).

Courts have denied discovery requests for personnel files when plaintiffs "seek[] private information of employees who are

not alleged to be part of [the] lawsuit[.]" Johnson v. Guardsmark LLC, No. 4:04 CV 2447, 2008 WL 11380093, at *2 (N.D. Ohio Jan. 14, 2008). Moreover, courts have denied discovery requests on otherwise relevant personnel files when less intrusive means can provide the same information as contained in the personnel files. Miller, 2016 WL 11784214, at *3 (explaining that Miller already possessed Dr. Uchendu's curriculum vitae, which contained information on his background, work history, and training such that Dr. Uchendu's full personnel file was not crucial to Miller's case). In cases similar to Nelson's, with similar production requests, courts have granted motions to compel when the plaintiff sought personnel records for employees alleged to have been involved in the discriminatory practice. See, e.g., Hill v. Motel 6, 205 F.R.D. 490, 496 (S.D. Ohio 2001) (finding that the plaintiff's deposition testimony that an employee was involved in the termination was sufficient to establish good cause to permit the plaintiff to discover the employee's personnel file); Person v. Progressive Logistics Servs., LLC, No. 1:05-CV-150, 2006 WL 8442660, at *5 (E.D. Tenn. Jan. 27, 2006) (allowing the defendants the option of a limited production of documents from the requested personnel files because "the employees whose personnel files have been requested were allegedly involved in or have knowledge about, among other things, the alleged fabrication of information about Person, investigation of Person, Person's work at dock D, and/or

the decision to terminate or not contract with Person"). These productions have been governed by protective orders limiting disclosure or authorizing the redacting of sensitive information. See Hill, 205 F.R.D. at 496; Person, 2006 WL 8442660 at *5.

Here, Nelson seeks the personnel file of McCord "to show the court that . . . instructors hired by TCAT Whiteville who are Americans were treated different from Plaintiff who is Jamaican." (ECF No. 61 at PageID 276.) Nelson fails to make any showing of relevance, much less a compelling showing, as to McCord's personnel file. There is no indication in the record that McCord was involved in any discriminatory conduct toward Nelson or has been proffered as a comparator. Unlike the plaintiffs' motions to compel in Hill and Person, Nelson seeks information about one of TCAT's employees who is not a party, discriminatory actor, or comparator. See Hill, 205 F.R.D. at 496; Person, 2006 WL 8442660 at *5. Moreover, TCAT has produced the personnel files for Nelson, his supervisor, and two proffered comparators, containing information that may be relevant to his claim that American instructors were treated differently from non-American instructors. Nelson has the burden to make a compelling showing of relevance regarding McCord's personnel file specifically, and he has failed to do so.

Nelson also seeks complete personnel files for Baildon and Jones. (ECF No. 61 at PageID 276.) TCAT claims it has already provided all of the personnel information it has on Baildon and

Jones. (ECF No. 64 at PageID 302.) Courts cannot "compel [a] party to produce documents that do not exist or are not in his possession, custody or control." Waskul v. Washtenaw Cnty. Cmty. Mental Health, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021). Disbelief that a party has not produced documents "'is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect' or the requesting party's belief, without more, that a discovery production is not complete." Damsi v. Tarpstop, LLC, No. 3:21-CV-0953, 2023 WL 9186657, at *10 (N.D. Ohio Oct. 19, 2023) (quoting Heller v. City of Dallas, 303 F.R.D. 466, 486 (N.D. Tex. 2014)).

Nelson argues that he has only received a partial file for Baildon and Jones despite requesting a complete file, which he claims should include "application for all job positions applied for, all announcements for those positions, all performance evaluations during their course of employment and all documents related to disciplinary actions and termination of contract." (ECF No. 61 at PageID 276, 279.) However, Nelson has failed to present any evidence to suggest that TCAT has failed to produce all the requested documents. At a minimum, Nelson has failed to identify which documents were included in the complete personnel files that he received compared to what might be missing from the allegedly incomplete personnel files to trigger his suspicion. Therefore, the motion to compel as to the "complete" files is denied.

## III. CONCLUSION

For the reasons stated above, Nelson's Motion to Compel is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 13, 2024
Date
